OPINION OF THE COURT
Karla Moskowitz, J.
Petitioner brings this CPLR article 78 proceeding seeking to annul the respondents’ determination terminating her as a probationary correction officer.
*554 Petitioner was appointed a probationary correction officer on December 1, 1986 and assigned to the respondent Correction Department’s Training Academy for an eight-week training program.
The notice of examination for the position of correction . officer indicated that candidates were required to meet certain medical standards established by the New York City Department of Personnel. Those standards specifically stated that the presence of unauthorized or unexplained substances in urine would disqualify a candidate. In addition, all probationary correction officers were given a memorandum outlining the respondent Correction Department’s policy regarding substance abuse which stated: "The Department utilizes recognized testing procedures to detect substance abuse by its employees. While you are assigned to the Training Academy you will be tested as part of the screening process for probationary employees to determine your merit and fitness for permanent appointment. ”
On January 2, 1987 petitioner and other probationary correction officers in her recruit class were ordered to submit to a urinalysis. Petitioner’s results indicated a positive finding for cocaine. Based upon those results, petitioner was terminated on February 17,1987.
Petitioner claims the required drug test was an unreasonable and unwarranted search and seizure which violated her rights under the Fourth Amendment of the US Constitution and the comparable provision of NY Constitution, article I, §12.
The Court of Appeals recently considered the constitutionality of a school district’s policy requiring all probationary teachers to submit to urinalysis to detect potential drug abuse. (Matter of Patchogue-Medford Congress of Teachers v Board of Educ., 70 NY2d 57 [1987].) However, this case is distinguishable from the case at bar. The school district’s claim that reasonable suspicion is not required when a public employer chooses to test all employees in a particular category for potential drug abuse was rejected by the Court of Appeals. It emphasized that the trial court had found that the urine test in issue was not part of a required medical examination but constituted a purely investigatory search and seizure seeking evidence of illegal drug use, and noted "that requiring public employees or job applicants to submit to a physical examination to demonstrate fitness is accepted and traditional.” (Supra, at 70.)
*555 In Blake v Koch (NYLJ, Jan. 23, 1987, at 13, col 3 [Sup Ct, NY County]), the urinalysis at issue was "part of the overall requirements for qualification as a permanent correction officer” (supra, at 14, col 2), and as such was found to meet the reasonableness test of the Fourth Amendment.
More recently, urine tests which are part of a required medical examination for applicants for public safety-related jobs were found to be reasonable under the Fourth Amendment if, as here, "the applicant is given reasonable notice of the drug testing” (Matter of Dozier v New York City, 130 AD2d 128, 137 [2d Dept 1987]).
The urinalysis in this action does not violate petitioner’s constitutional rights because it was part of certain established medical standards. Moreover, petitioner was given notice regarding the departmental policy of drug testing during her probationary period.
Accordingly, petitioner’s application is denied and the petition is dismissed.